```
THE LAW OFFICE OF
MAURY B. JOSEPHSON, P.C.
Attorneys for Plaintiff
Barbara Herzog
By:  MAURY B. JOSEPHSON
      (MJ 9252)
626 EAB Plaza
Uniondale, New York 11556
(516) 522-2829
(516) 343-0090


UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------x
BARBARA HERZOG,                   :    PLAINTIFF DEMANDS A TRIAL BY JURY
                                  :
                  Plaintiff,      :
                                  :    Civ.  05-cv-2945 (LAK)
      - against -                 :
                                  :    COMPLAINT
AXIUM INTERNATIONAL, INC.,        :
                                  :
                  Defendant.      :
----------------------------------x
```

Plaintiff **BARBARA HERZOG,** by her attorneys, **THE LAW OFFICE OF MAURY B. JOSEPHSON, P.C.** respectfully states the following as her complaint against the defendant herein:

### Introduction

1.   This action arises out of the summary termination of plaintiff's ("Ms. Herzog") employment with Axium International, Inc. ("Axium"), immediately upon Axium's learning that: (a) Ms. Herzog had either a disability within the meaning of 42 U.S.C. §12102(2)(A) or a medical condition which can and was regarded as a disability within the meaning of 42 U.S.C. §12102(2)(C); and (b) Ms. Herzog had taken protected legal action against a former employer for discrimination on the basis of disability or perceived disability, as described in 42 U.S.C. §12203.

2.   Axium has, by such adverse action against Ms. Herzog, discriminated and retaliated against her in violation of the federal Americans with Disabilities Act, 42 U.S.C. §12101, et seq., as well as the New York State Human Rights Law ("NYSHRL"), New York Executive Law §290, et seq. and the New York City Human Rights Law ("NYCHRL"), NYC Admin. Code §8-101, et seq.

### Jurisdiction and Venue

3.   This Court has subject matter jurisdiction pursuant to 28 U.S.C. §1331 (federal question), 28 U.S.C. §1337 (action arising under statutes regulating commerce), 28 U.S.C. §1343 (civil rights action), 42 U.S.C. §1981a (Civil Rights Act of 1991) and 42 U.S.C. §12117 (Americans with Disabilities Act)("ADA")(incorporating by reference the remedial provisions of Title VII of the federal Civil Rights Act of 1964, as amended, 42 U.S.C. §2000e, et seq.).   This Court has supplemental jurisdiction over Ms. Herzog's claims arising under the NYSHRL and NYCHRL pursuant to 28 U.S.C. § 1367.

4.   All administrative prerequisites to the commencement of this action have been met including, without limitation, the timely filing of a charge of discrimination with the United States Equal Employment Opportunity Commission ("EEOC") and the EEOC's provision of a Notice of Suit Rights to Ms. Herzog.

5.   Venue is proper in the Unites States District Court for the Southern District of New York, as it is a district in which the defendant resides within the meaning of 29 U.S.C. § 1391.

**The Parties**

6.   Ms. Herzog is an individual resident of Queens, New York. She is a former employee of Axium and was, at all relevant times, a qualified individual with a disability, i.e., kidney failure, within the meaning of 42 U.S.C. §12111(8). Ms. Herzog was an employee of Axium within the meaning of all relevant statutes, including the ADA, NYSHRL and NYCHRL.

7.   Axium is, upon information and belief, a Delaware corporation, and maintains an office for the transaction of business in the State, City and County of New York. Axium is an employer within the meaning of all relevant statutes including, without limitation, the ADA, NYSHRL and NYCHRL.

**Facts Common to All Claims**

8.   Ms. Herzog was employed by Axium from June 25, 2003 through July 18, 2003.

9.   During the time of Ms. Herzog's employment with Axium, her immediate supervisor, Cathy Walker had, upon information and belief, expressed satisfaction with Ms. Herzog's work to Axium's Human Resources Department in California, and had, even as recently as the morning on which Ms. Herzog's employment was terminated, transferred new projects and job responsibilities to Ms. Herzog.

10.  Ms. Herzog had previously been employed by Access Talent International ("ATI") for four years. ATI terminated Ms. Herzog's employment on February 19, 2003, immediately upon Ms. Herzog's return to work after a hospital stay due to kidney failure. ATI provided no reason for the termination of Ms. Herzog's employment.

11. Believing ATI to have terminated her employment because of disability, or a perception of disability, Ms. Herzog filed a complaint alleging such discrimination on May 22, 2003 in the Supreme Court of the State of New York, County of Queens, Index No. 12666/03.

12. Following the termination of her employment by ATI, Ms. Herzog was unemployed for over four months. She finally secured a position at Axium where she was well-liked and performed well.

13. On July 17, 2003 counsel for defendants in Ms. Herzog's case against her former employer, ATI, served Axium with a detailed subpoena for testimony and document production ("the Subpoena"). The Subpoena on its face disclosed that her lawsuit involved allegations of discrimination on the basis of disability and perceived disability.

14. The Subpoena thus disclosed that Ms. Herzog had a disability, and was engaged in protected activity within the meaning of 42 U.S.C. §12203, including protected opposition to discrimination on the basis of disability and protected participation in legal proceedings to remedy discrimination on the basis of disability.

15. On the day of the Subpoena's service, July 17, 2003, Chris Toto, Axium's Chief Financial Officer, called Ms. Herzog into a meeting. Mr. Toto told Ms. Herzog about the Subpoena, about which Ms. Herzog had no former knowledge.

16. Mr. Toto asked Ms. Herzog "what is this about?" to which Ms. Herzog responded by relating to him her kidney condition, hospital stay and subsequent termination from her former employer, ATI.

17. Mr. Toto then purported to read to aloud to Ms. Herzog some questions in the Subpoena from ATI to Access. Mr. Toto's questions

included the following: "Did I [Ms. Herzog] have excessive absences at Axium?;" "Was I [Ms. Herzog] excessively late at Axium?" and "Did Axium make any physical or medical accommodations for me [Ms. Herzog]?"

18.  The next day, on July 18, 2003, Ms. Herzog was called into a meeting with Mr. Toto and her direct supervisor, Cathy Walker, and was told that Axium "did not want to be a part of any lawsuit" and Ms. Herzog's employment was therefore terminated, effective immediately.

19.  Axium's stated reason for the termination of Ms. Herzog's employment and the timing of Ms. Herzog's termination immediately following Axium's receipt of the Subpoena from ATI, evidences a clear retaliatory animus on the part of Axium against Ms. Herzog for filing a lawsuit alleging discrimination on the basis of disability against her former employer.

20.  Axium's summary termination of Ms. Herzog's employment, immediately upon receipt of information showing Ms. Herzog to have a disability, or a medical condition capable of being perceived as a disability, also gives rise to a strong inference that Axium unlawfully terminated Ms. Herzog's employment on that basis as well.

21.  Ms. Herzog therefore states the following claims against Axium:

**FIRST CLAIM**

**For Discrimination and Retaliation in**

**Violation of the Americans with Disabilities Act**

22.  Ms. Herzog repeats and realleges paragraphs 1 through 21 of this Complaint as though fully set forth herein.

23. By the conduct described above, Axium violated the ADA, by terminating Ms. Herzog's employment on the basis of disability, or on the basis of the fact that she had a medical condition capable of being perceived as a disability.

24. By the conduct described above, Axium violated the ADA, by terminating Ms. Herzog's employment in retaliation against Ms. Herzog's protected opposition to discriminatory practices of her former employer, ATI, and her protected participation in legal proceedings to remedy such discriminatory practices.

25. Axium's actions have caused Ms. Herzog to suffer extensive damages, including, without limitation, damages for lost income, emotional pain, suffering, anguish and humiliation.

## SECOND CLAIM

### For Discrimination and Retaliation in

### Violation of the New York State Human Rights Law

26. Ms. Herzog repeats and realleges paragraphs 1 through 25 of this Complaint as though fully set forth herein.

27. By the conduct described above, Axium violated the NYSHRL, New York Executive Law Section 290, et seq., by terminating Ms. Herzog's employment on the basis of disability, or on the basis of the fact that she had a medical condition capable of being perceived as a disability.

28. By the conduct described above, Axium violated the NYSHRL, by terminating Ms. Herzog's employment in retaliation against Ms. Herzog's protected opposition to discriminatory practices of her

former employer, ATI, and her protected participation in legal proceedings to remedy such discriminatory practices.

29. Axium's actions have caused Ms. Herzog to suffer extensive damages, including, without limitation, damages for lost income, emotional pain, suffering, anguish and humiliation.

### THIRD CLAIM

### For Discrimination and Retaliation in

### Violation of the New York City Human Rights Law

30. Ms. Herzog repeats and realleges paragraphs 1 through 29 of this Complaint as though fully set forth herein.

31. By the conduct described above, Axium violated the NYCHRL, New York City Administrative Code §§8-101, et seq., by terminating Ms. Herzog's employment on the basis of disability, or on the basis of the fact that she had a medical condition capable of being perceived as a disability.

32. By the conduct described above, Axium violated the NYCHRL, by terminating Ms. Herzog's employment in retaliation against Ms. Herzog's protected opposition to discriminatory practices of her former employer, ATI, and her protected participation in legal proceedings to remedy such discriminatory practices.

33. Axium's actions have caused Ms. Herzog to suffer extensive damages, including, without limitation, damages for lost income, emotional pain, suffering, anguish and humiliation.

**WHEREFORE**, Ms. Herzog demands judgment:

A.   On her First Claim, for all relief provided and allowed for under the ADA and 29 U.S.C. §1981a, in an amount to be determined

following trial and including without limitation, damages for lost income, emotional pain, suffering, anguish and humiliation; punitive damages as allowed by law; and an award of the costs of this action and reasonable attorneys' fees;

    B.   On her Second Claim, for all relief provided and allowed for under the NYSHRL, in an amount to be determined following trial and including without limitation, damages for lost income, emotional pain, suffering, anguish and humiliation; and an award of the costs of this action;

    C.   On her Third Claim, for all relief provided and allowed for under the NYCHRL, in an amount to be determined following trial and including without limitation, damages for lost income, emotional pain, suffering, anguish and humiliation; punitive damages as allowed by law; and an award of the costs of this action and reasonable attorneys' fees; and

    D.   On all of her claims, her costs, attorneys' fees and such other and further relief as this Court may deem just and proper.

Dated:  Uniondale, New York
       March 17, 2005

                              Respectfully,

                              THE LAW OFFICE OF
                              MAURY B. JOSEPHSON, P.C.

                                  */S/ Maury B. Josephson*
                          By: _____
                                Maury B. Josephson (MJ 9252)

                              626 EAB Plaza
                              Uniondale, New York 11556
                              (516) 522-2829 or (516) 343-0090
                              *Attorneys for Plaintiff Barbara Herzog*